

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1022-12

**MICHAEL COOPER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., filed a concurring opinion in which JOHNSON, J., joined. COCHRAN, J., filed a concurring opinion in which ALCALÁ, J., joined. PRICE, J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined. WOMACK, J., did not participate.

### O P I N I O N

Appellant was convicted of five counts of aggravated robbery pursuant to an indictment that named three different complainants, with all counts arising from a single home invasion. Two counts named Andrew Chaney as the complainant, two counts named James Barker as the complainant, and one count named Paul Linden as the complainant. The jury found him guilty of all five counts in the single indictment and assessed appellant's punishment at imprisonment for 60

years on two of the counts, 80 years on two other counts, and 65 years on the remaining count. The trial court sentenced appellant accordingly and ordered all five sentences to be served concurrently. The court of appeals affirmed the judgments. *Cooper v. State*, 373 S.W.3d 821 (Tex. Crim. App. 2012).

In his petition to this Court, appellant raises two grounds, both of which challenge the court of appeals's holding that the Double Jeopardy Clause of the United States Constitution was not violated when he was convicted of both aggravated robbery by causing bodily injury and aggravated robbery by threat to the same victim during a single robbery. These grounds involve appellant's convictions for two separate counts of aggravated robbery of each of two of the named complainants, Andrew Chaney and James Barker. He does not challenge his conviction for robbing Linden.

We granted review. After reviewing the opinion of the court of appeals, the record, and the briefs of the parties, we conclude that appellant's challenged convictions do violate the double-jeopardy clause. Accordingly, we sustain appellant's grounds for review. We reverse the judgment of the court of appeals and remand this cause to that court for further proceedings and appropriate disposition.

Delivered: May 14, 2014
Publish